

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 10, 2008

**FILED**
APR 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA FEDERAL EXPRESS**
Leslie Silverman, Esq.
4704 Hollyroad Road
College Park, Maryland 20740

Re: <u>Marina Montiel</u>
CR 08-78 (RJL)

Dear Ms. Silverman:

This letter sets forth the full and complete plea offer to your client, Ms. Montiel. This offer is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. <u>This plea offer will expire on March 17, 2008</u>. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Montiel agrees to waive Indictment and to plead guilty to Count Two of a two-count information charging a violation of Title 22, D.C. Code, Sections 3221(b), 3222(b)(2) (Fraud in the second degree). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Montiel and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. It is anticipated that during the Rule 11 plea hearing, Ms. Montiel will adopt and sign a Statement of the Offense as a written proffer of evidence.

The government will move to dismiss the remaining count of the Information, charging aiding and abetting the production of an identification document without lawful authority, in violation of Title 18, U.S. Code, Section 1028(a)(1), at sentencing. Ms. Montiel agrees that the count to be dismissed at the time of sentencing was based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law.

2. **Potential penalties, assessments, and restitution**: Ms. Montiel understands that the maximum sentence that can be imposed is 180 days imprisonment, a fine of $1,000, and a $250 special assessment for the Crime Victims Assistance Fund, pursuant to Title 4, D.C. Code, Section 4-516. Notwithstanding the maximum sentence, Ms. Montiel understands that the sentence to be imposed in this case will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Montiel further understands that she cannot withdraw her guilty plea if she is not pleased with the Court's sentence. This does not, however, limit Ms. Montiel's right to appeal an unlawful sentence.

3. **Cooperation:** Ms. Montiel agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation. Specifically, Ms. Montiel agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that she has which relate directly or indirectly to the subject of this investigation;

    b. to answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

    c. to make herself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding her cooperation with law enforcement to any person or entity;

    f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that she shall provide; and

    g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly.

4. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Montiel's release pending sentencing, agrees not to oppose Ms. Montiel' voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Montiel continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Montiel in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the Information. This agreement not to prosecute Ms. Montiel does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Montiel.

5. At the time of Ms. Montiel sentencing, the United States will advise the sentencing judge

and the probation office of the full nature, extent, and value of the cooperation provided by Ms. Montiel to the United States.

6. **Court is not bound:** Ms. Montiel understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decisions in these regards are not grounds for withdrawal from this agreement.

7. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Montiel's criminal activities, subject to the provisions of the following paragraph.

8. The United States and Ms. Montiel hereby agree that since Ms. Montiel has agreed to cooperate with the United States, information provided by Ms. Montiel shall not be held against her, except as follows:

   a. information that was known to the United States prior to the date this plea agreement was agreed to by Ms. Montiel;

   b. in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

   c. if there is a breach of this agreement by Ms. Montiel, as determined under the provisions of this agreement.

In the event of such a breach, the United States retains the right to use any information provided by Ms. Montiel to impeach her at any subsequent proceeding.

9. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Breach of Agreement:** If Ms. Montiel fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if she commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Ms. Montiel should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute her for these offenses to the fullest extent provided by law. In the event

of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Montiel release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Montiel will not have the right to withdraw the guilty plea; (c) Ms. Montiel shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Montiel, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this cooperation agreement. Ms. Montiel waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements she has made.

11. In the event of a dispute as to whether Ms. Montiel has knowingly given materially false, incomplete or misleading information in fulfilling the terms of her cooperation agreement or whether Ms. Montiel has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Ms. Montiel so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Ms. Montiel's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

12. **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Montiel shall be entitled to the presence, advice, and assistance of counsel, unless waived.

13. **Interpreter:** Ms. Montiel agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Ms. Montiel agrees that it is unnecessary for the plea document to be re-written into your client's native language.

14. **USAO's Criminal Division Bound:** Ms. Montiel understands that this agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Montiel.

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein,

nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Montiel, Ms. Montiel's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Montiel may indicate her assent by signing the agreement in the space indicated below and returning the original to the government once it has been signed by Ms. Montiel and her counsel.

Sincerely yours,

*Jeffrey A Taylor/HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
ELLEN CHUBIN EPSTEIN
SUSAN B. MENZER
Assistant United States Attorneys

I have read this plea agreement and have discussed it with my attorney, Leslie Silverman, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 3-13-07       *Marina Montiel*
                    Marina Montiel
                    Defendant

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____3-13-08_____  _____
                                          Leslie Silverman, Esquire
                                          Attorney for the Defendant